IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, As Trustee, Successor in interest to Wachovia Bank, N.A., as Trustee for Long Beach Mortgage Loan Trust 2002-1;<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER DAVID CLARK, a single man; JOHN DOE, real names and martial status unknown; and JANE DOE, real names and martial status unknown;<br><br>Defendants. | 8:18CV583<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiffs' motion to remand, Filing No. 2. Plaintiff contends that the case should be remanded to Douglas County, Nebraska pursuant to 28 U.S.C. § 1447(c) for the reason that this Court lacks subject matter jurisdiction to adjudicate this lawsuit. Defendant, Christopher David Clark, is appearing pro se and contests the motion. The defendant wants the Court to restrain or enjoin the plaintiffs during the pendency of a review and ruling by a court of competent jurisdiction.

This state court case was originally brought to evict defendant from his real estate and to order restitution. It was brought as a forcible entry and detainer pursuant to Neb. Rev. Stat. § 76-1001. Pursuant to publication and notice, the Trustee offered the property for sale at a public auction in compliance with Neb. Rev. Stat. § 76-1008 and it sold to U.S. Bank as Trustee for Long Beach Mortgage for the sum of $208,000. Plaintiff then filed the forcible entry and detainer action in Douglas County Court and asked for restitution of the premises. The case was scheduled for trial in December of 2018, but the defendant removed it to this Court, the day before trial.

**LAW**

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009).

Generally, when determining whether removal is proper, the court looks to the plaintiff's pleadings at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939); *see Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789–90 (8th Cir. 2012) (holding that the court's jurisdiction is measured at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–113 (1936)); *see also Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir. 1996).

**DISCUSSION**

Plaintiff argues that the defendant has failed to establish jurisdiction in this Court. In the notice of removal, Filing No. 1, in a document entitled "Complaint for a Civil Case" defendant lists the Fair Debt Collections Act under jurisdiction and he also lists it in his

notice of removal.  Filing No. 1 at 1, 5 and 8.  The Court is unsure if the defendant is attempting to file a case within the state court case or if it has any real meaning with respect to that case, or if defendant is attempting to file a new civil action.  Regardless, defendant gives no reason or support for alleging anything under the Fair Debt Collections Practices Act, and such claim importantly is not part of the state court proceeding.  The defendant does not raise federal question jurisdiction pursuant to 28 U.S.C. § 1331 as it relates to this case.  Defendant did not file a responsive pleading in state court before removing it to this Court.

In addition, there is no allegation that this case exceeds $75,000.  28 U.S.C. § 1332.  In order to determine the amount in controversy, the Court must look at the movant's point of view.  See *Massachusetts State Pharm. Assoc. v. Federal Prescription Service, Inc.*, 431 F.2d 130, n.1 (8th Cir. 1970); *see also Smith v. American States Preferred Insur. Co.*, 249 F.3d 812, 813 (8th Cir. 2001).  The burden of showing this amount is on the movant to show jurisdiction by a preponderance of the evidence.  The Court can look through the filings and determine that the sale of the house was $208,000.  However, even if the Court found that defendant has some ground for the diversity amount, it is not sufficient for the reasons stated hereinafter.

Defendant argues that the County Court of Douglas County, Nebraska is a product of illegal and unlawful foreclosure and that the Douglas County Nebraska Court must dismiss the case for lack of jurisdiction under Neb. Rev. Stat. § 25-21,219. It also appears that the defendant is arguing that the statute of limitations ran prior to the foreclosure.  In the alternative, defendant asks that this Court remand to a court in equity.

The Court finds the case should be remanded to state court. Defendant has filed no grounds for continuing this action in federal court. From a review of the record, this appears to be a state court action and not a case that should be removed to federal court.

The *Rooker-Feldman* doctrine prevents losing state court litigants from attempting to indirectly attack state court findings in federal district courts. *Friends of Lake View Sch. Dist. No. 25 v. Beebe*, 578 F.3d 753, 758 (8th Cir. 2009); *see D.C. Court of Appeals v. Feldman*, 103 S. Ct. 1303, 1311 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923). The Court believes this is what the defendant wants this Court to do.

For the reason that defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000; and for the reason that the federal court generally does not have jurisdiction to determine purely state law issues; and for the reason that the defendant has failed to establish a bona fide federal cause of action in this case; and for the reason that a possible claim under the Federal Debt Collections Act might exist separate from this state law case; the Court will remand this case to the state court for further proceedings.

THEREFORE, IT IS ORDERED THAT plaintiff's motion to remand, Filing No. 2, is granted. The Clerk of Court is instructed to send this case back to the Douglas County District Court, for the District of Nebraska.

Dated this 25th day of July, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge